UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      v.                             1:24-cr-00490-ACR

JAY ROBERT THAXTON,
      Defendant.

**DEFENDANT'S CONSENT MOTION FOR LEAVE TO APPEAR AT
PLEA HEARING REMOTELY IN LIEU OF IN-PERSON APPEARANCE**

Defendant Jay Robert Thaxton, by undersigned counsel, respectfully moves for leave to appear at his plea hearing in this matter remotely in lieu of an in-person appearance. Defendant Thaxton grounds this request on the fact that for the past fourteenth (14) months his job for his relatively new Charlotte-based employer has him driving 2 to 4 days a week to service several paper mills in the American South. For him, currently, Fridays are held in reserve to work in Charlotte and attend a weekly meeting there. While Mr. Thaxton of course will do literally anything the Court asks – including making the 6-hour drive from Charlotte to Washington, D.C. – he asks the Court to consider letting him appear for his as-yet unscheduled plea hearing remotely, in which he would appear by Zoom or other video conferencing platform (a) from one of his field work locations or (b) from Charlotte, depending on the upcoming plea hearing date selected. Counsel for the Department of Justice has been enormously cooperative about this request and does not object to this motion.

Defendant Thaxton, 51, is a Charlotte, North Carolina-based January 6 defendant who was arrested in Charlotte on June 4 , 2024. He was charged, *inter alia,* with 18 U.S.C. § 231(a)(3) (civil disorders) and 18 U.S.C. § 1752(a)(1) (entering and remaining in a restricted building or grounds). Recently, on October 31, 2024, after a thorough review by Mr. Thaxton of the discovery in this

case, and numerous conversations between counsel, Mr. Thaxton and his counsel entered into a guilty plea agreement with the Department of Justice on the two above-mentioned charges. While Mr. Thaxton had intended to schedule a plea hearing this week, and do that remotely, if possible, undersigned counsel was grateful to be reminded at the last minute on Monday, November 4, 2024, by the courtroom deputy then acting for Judge Reyes's Chambers that felony pleas (i.e., here, 18 U.S.C. § 231) may require an in-person appearance.

Since his arrest and first appearance in Charlotte, and as part of his conditions of release, Thaxton has been permitted to travel to work in his capacity as Field Technician for a reputable Charlotte-based employer by driving to and from paper mills in southern Ohio, Kentucky, Tennessee, Georgia and South Carolina. His job is to "troubleshoot" and service real-time cameras which monitor and measure the quality of pulp and paper fed into and coming off the production lines at about seven different mills. For the past 14 months, since his hiring, he has been on the road two to four days a week examining and fixing cameras, with Fridays held in reserve to be in his native Charlotte as well as to participate in weekly Friday afternoon meetings. Each one of the work trips has been flagged by Mr. Thaxton and immediately approved in advance by his Pretrial Services Agency officer in Charlotte. Finally, in Thaxton's October 31, 2024, plea agreement itself ("9. Conditions of Release"), the Government is not seeking a change in Thaxton's release conditions pending sentencing. Indeed, in addition to his relatively new employer, Mr. Thaxton's wife, mother and family all reside in Charlotte, where he has longstanding, enduring ties.

Mr. Thaxton takes the January 6 charges against him with the utmost seriousness, and sincerely and authentically has used his new Field Technician position to turn his life around. When he was hired 14 months ago, from the outset he kept his new employer fully informed of (a) the possible charges against him before they were lodged and his potential arrest, (b) the actual charges

2

against him after they were lodged and his arrest, and (c) of all related court proceedings thereafter. Moreover, Mr. Thaxton, represented by the undersigned, on March 11, 2022, gave a lengthy deposition to the House of Representatives Select Committee on January 6, and followed up his testimony with a steadfast, valuable production of a multitude of documents in the weeks after his deposition. In the House Select Committee proceeding, as with all court appearances to date in the instant proceeding, Mr. Thaxton appeared remotely.

Accordingly, for good cause shown, Defendant Thaxton asks the Court for leave to appear remotely for his as-yet unscheduled plea hearing, in which he would appear by Zoom or another video conferencing platform either (a) from one of his on-site work locations or (b) from Charlotte, depending on the upcoming plea hearing date selected.

                                                Respectfully submitted,

Dated: November 8, 2024                By: /s/ *John Daniel Hull*
                                                JOHN DANIEL HULL
                                                DC Bar No. 323006
                                                California Bar No. 222862
                                                HULL MCGUIRE PC
                                                1420 N Street, N.W.
                                                Washington, D.C.  20005
                                                202-429-6520 o
                                                619-895-8336 c
                                                jdhull@hullmcguire.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 8, 2024, he served the foregoing Defendant's Consent Motion for Leave to Appear at Plea Hearing Remotely in Lieu of In-Person Appearance upon Counsel for the Department of Justice via the ECF system.

By: /s/ *John Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C.  20005
202-429-6520 o
619-895-8336  c
jdhull@hullmcguire.com